UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DABISH ET AL.,

    Plaintiffs,

v.

MCMAHON, ET AL.,

    Defendants.

_____/

Case No. 18-cv-12467

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## OPINION AND ORDER GRANTING DEFENDANTS B&G TOWING, LLC, ANTHONY THOMAS, AND MICHAEL LUCAS'S MOTION TO DISMISS [#18] AND SECOND MOTION TO DISMISS [#40], GRANTING DEFENDANTS CITY OF HAMTRAMCK AND OFFICER MICHAEL STOUT'S MOTION TO DISMISS [#23], AND DISMISSING THIS ACTION AGAINST THE REMAINING DEFENDANTS GASPER FIORE, JAMES MCMAHON, AND THE CITY OF HIGHLAND PARK

### I. INTRODUCTION

Before the Court is Defendants B&G Towing, LLC, Anthony Thomas, and Michael Lucas's Motion to Dismiss. Dkt. No. 18. Also before the Court is Defendants City of Hamtramck and Officer Michael Stout's Motion to Dismiss, Dkt. No. 23, and Second Motion to Dismiss, Dkt. No. 40. All Defendants assert that Plaintiffs' claims against them are barred by the applicable statutes of limitations. Defendant Gasper Fiore, acting in *pro se*, filed a concurrence in Defendants B&G Towing, LLC, Anthony Thomas, and Michael Lucas's Motion to

1

Dismiss, moving this Court to dismiss Plaintiffs' complaint against him for statute of limitations reasons. Defendants City of Hamtramck and Officer Michael Stout's Second Motion to Dismiss argues that this Court must dismiss Plaintiffs' complaint against them because 1) Plaintiff Dabish pleaded guilty to mail fraud in March 2019 and pursuant to *Heck v. Humphrey*, his § 1983 and § 1985 claims are barred; 2) collateral estoppel; 3) qualified immunity; 4) no claims remain against the City of Hamtramck; and 5) governmental immunity. For the reasons stated below, the Court will grant Defendants' Motions and dismiss the remaining Defendants Gasper Fiore, James McMahon, and the City of Highland Park from this action.

## II. Factual Background

Plaintiff Livernois Ventures Inc. ("Livernois") was a company that primarily handled collision repair; it is no longer in business. *Id.* at pg. 4 (Pg. ID 4). Plaintiff Khaled Dabish was the body shop manager of Livernois. *Id.* at pg. 4 (Pg. ID 4). Plaintiff Brian Abrou was the assistant body shop manager of Livernois. *Id.* at pg. 2 (Pg. ID 2) Defendant City of Hamtramck ("Hamtramck") is located within the City of Detroit. Defendant Michael Stout is a police officer employed by the City of Hamtramck. *Id.*

Plaintiffs allege that on or about September 10, 2014, Defendant police officers raided Livernois and Mr. Dabish's home in Troy, Michigan pursuant to a fraudulently-obtained search warrant. *Id.* at pg. 7. (Pg. ID 7). Defendants alleged in

2

the search warrant that there was probable cause of Plaintiff Dabish's involvement in crimes associated with insurance fraud. *Id.* at pg. 9 (Pg. ID 9). The raid included the seizure of approximately 110 vehicles at Livernois which B&G Towing towed and impounded. *Id.* at pg. 15 (Pg. ID 15). The complaint next alleges that Defendant Mr. Lucas demanded cash only payments in the hundreds of thousands of dollars from Plaintiff in order to return the vehicles. *Id.* Plaintiffs state that their property has never been returned to them. *Id.* Further, Plaintiffs allege that Officer Stout, along with another officer (McMahon), arrested and incarcerated Plaintiff Brian Abrou for a period of four days. *Id.* at pg. 11 (Pg. ID 11).

The complaint asserts that Plaintiff Dabish never engaged in any fraudulent insurance schemes or racketeering activities. *Id.* at pg. 9 (Pg. ID 9). Nor was Dabish ever arrested, charged, prosecuted, or convicted of any crimes associated with Defendants' alleged fraud investigation and seizure of property. *Id.*

Plaintiffs filed their complaint with this Court on August 9, 2018. Dkt. No. 1. The complaint consists of ten counts. Generally, the complaint alleges that the Defendants engaged "in a massive scheme to unlawfully seize, impound[,] and hold vehicles and property hostage for ransom. *Id.* at pg. 3 (Pg. ID 3).

Count I of Plaintiffs' complaint alleges that all Defendants violated Plaintiffs' Fourth and Fourteenth Amendment rights to be free from unreasonable

search and seizure pursuant to 42 U.S.C. §1983. *Id.* at pg. 13 (Pg. ID 13). Count II alleges a violation of 42 U.S.C. §1985 against all Defendants. *Id.* at pg. 18 (Pg. ID 18). Count III alleges a state claim of ethnic intimidation by the Officer Defendants. *Id.* at pg. 20 (Pg. ID 20). Count IV states a state law claim of gross negligence against the Officer Defendants. *Id.* at pg. 22 (Pg. ID 22). Count V alleges a state abuse of process by the Officer Defendants. *Id.* at pg. 23 (Pg. ID 23). Count VI brings a state law claim of concert of action against all Defendants. *Id.* at pg. 25 (Pg. ID 25). Count VII brings a state law claim of civil conspiracy against all Defendants. *Id.* at pg. 27 (Pg. ID 27). Count VIII brings a state law claim of statutory conversion against all Defendants. *Id.* at pg. 29 (Pg. ID 29). Count IX (incorrectly numbered as Count X) brings a state law claim of common law conversion against all Defendants. *Id.* at pg. 31 (Pg. ID 31). Count X (incorrectly numbered as Count VI) brings a state claim of false imprisonment against the Officer Defendants. *Id.* at pg. 33 (Pg. ID 33).

On January 15, 2019, Defendants B&G Towing, Thomas, and Lucas filed their Motion to Dismiss. Dkt. No. 18. Defendant Gasper Fiore filed a concurrence with the Motion on January 15, 2019. Dkt. No. 20. Plaintiffs filed a response in opposition to the Motion and opposed Mr. Fiore's concurrence on February 12, 2019. Dkt. Nos. 31, 32. Defendants B&G Towing, Thomas, and Lucas replied on February 26, 2019. Dkt. No. 38. Defendants Hamtramck and Stout filed their

Motion to Dismiss on January 16, 2019. Dkt. No. 23. Plaintiffs responded in opposition on February 12, 2019. Dkt. No. 29. Defendants replied on February 26, 2019. Dkt. No. 37.

On January 24, 2019, Magistrate Judge Anthony Patti authorized federal charges for mail fraud and wire fraud against Plaintiff Mr. Dabish. Dkt. No. 40-3. The federal complaint against Dabish alleged that he submitted inflated false/fraudulent claims for car repairs at his business Livernois Collision; bribed police officers to create false police reports that were consistent with his false claims to insurance companies; purposefully damaged vehicles at his Livernois facility and billed insurance companies for the damage; paid car owners to submit false claims to their insurance companies, among other things. *See id.*

On March 7, 2019, Plaintiff Dabish pleaded guilty to one count of mail fraud in violation of U.S.C. § 1341. Dkt. No. 40-6. His plea states that he "knowingly participated in a scheme to defraud in order to obtain money. . . from the payment of false claims to insurance companies . . . ." *Id.* Plaintiff is set to be sentenced on September 26, 2019. Case No. 17-cr-20830, Dkt. No. 58.

Based on the foregoing, on April 22, 2019, Defendants Hamtramck and Stout filed their Second Motion to Dismiss. Dkt. No. 40. The Second Motion asserts that Plaintiff cannot bring his claims that Defendants violated his rights

because he pleaded guilty to the type of crime that Defendants raided his business and home to investigate, among other things. *Id.* Plaintiffs opposed the Motion on May 13, 2019. Dkt. No. 44. Defendants replied on May 20, 2019. Dkt. No. 47.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss. The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must "allege enough facts to make it plausible that the defendant bears legal liability." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016). The facts need to make it more than "merely possible that the defendant is liable; they must make it plausible." *Id.* "Bare assertions of legal liability absent some corresponding facts are insufficient to state a claim." *Id.*

A claim will be dismissed "if the facts as alleged are insufficient to make a valid claim or if the claim shows on its face that relief is barred by an affirmative defense." *Riverview Health Inst., LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010). The district court generally reviews only the allegations set forth in the complaint in determining whether to grant a Rule 12(b)(6) motion to dismiss, however "matters of public record, orders, items appearing in the record of the

case, and exhibits attached to the complaint, also may be taken into account."
*Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

## IV. DISCUSSION

### 1. Defendants B&G Towing, LLC, Anthony Thomas, and Michael Lucas's Motion to Dismiss; Defendants City of Hamtramck and Michael Stout's Motion to Dismiss

#### a. Tolling Agreement

Plaintiffs state that on or about June 23, 2016, they filed a complaint against the Officer Defendants and Cities alleging damages arising out of the same transactions and occurrences as in the present complaint. Dkt. No. 32, pg. 6 (Pg. ID 325). The prior action was before Judge Nancy Edmunds. *Dabish et al. v. McMahon et al.*, Case 16-cv-12336. Plaintiffs state that the parties to the prior action entered into a stipulation to dismiss the case without prejudice while tolling the statute of limitations until October 1, 2018. Dkt. No. 32, pg. 7 (Pg. ID 326). Therefore, Plaintiffs argue that the statute of limitations has not run on any of their claims.

Defendants Hamtramck and Stout argue that they are not subject to the tolling agreement because they never agreed to or signed the agreement. Dkt. No. 37, pg. 6 (Pg. ID 393). The Tow Defendants were not parties to the prior action and therefore could not have signed the agreement.

7

The Tolling Agreement that Plaintiffs allege is in effect between the parties is only signed by Plaintiffs' attorney Steven Haney. Dkt. No. 23-2, pg. 4 (Pg. ID 232). Plaintiffs contend that it does not matter that Defense counsel in the prior action, John Clark, did not sign the agreement because he agreed in writing to the terms of the settlement. Dkt. No. 33, pg. 11 (Pg. ID 348). Plaintiffs submitted an email chain between Plaintiffs' and Defendants' counsel to support their contention. Dkt. No. 33-3. However, this email chain does not lend support to Plaintiffs' argument. Mr. Clark never states in the emails that his clients agree to the tolling agreement. *See id.* The only reference to the agreement is Mr. Clark's email to Mr. Haney stating, "Steve-resending the tolling agreement. Please sign so we can put this one to bed." Dkt. No. 33-3, pg. 2 (Pg. ID 357). The emails do not state or reference that anyone signed the tolling agreement. Further, the parties entered into a stipulated order for dismissal that does not reference the tolling agreement. Dkt. No. 37-2, pg. 2 (Pg. ID 403).

For these reasons, the Court concludes that none of the Defendants are subject to the tolling agreement.

Plaintiffs' federal claims against the Officer Defendants carry three-year statutes of limitations. *Ziegler v. State of Michigan*, No. 99-2126, 2000 WL 1434496, at *1 (6th Cir. Sept. 18, 2000) (statute of limitations for § 1985 claims is three years); *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (holding "the

appropriate statute of limitations to be borrowed for § 1983 actions arising in Michigan is the state's three-year limitations period for personal injury claims."). Plaintiffs' ethnic intimidation claim holds a three-year statute of limitations. M.C.L. 750.147b. Plaintiffs' gross negligence claim carries a three-year statute of limitations. *Bellamy v. Target Stores*, No. 235334, 2002 WL 31934019, at *2 (Mich. Ct. App. Nov. 19, 2002). State law abuse of process claims are subject to a three-year statute of limitations. *Lechner v. Peppler*, No. 337872, 2018 WL 2121483, at *1 (Mich. Ct. App. May 8, 2018).

The statute of limitations for concert of action claims is three years. *Akers v. Bankers Life & Casualty Co.*, No. 283771, 2009 WL 1767617, at * 2 (Mich. Ct. App. June 23, 2009). The statute of limitations for civil conspiracy claims is three years. *Mays v. Three Rivers Rubber Corp.*, 352 N.W.2d 339, 340 (Mich. Ct. App. 1984). The statute of limitations for statutory conversion is three years. *Tillman v. Great Lakes Truck Ctr., Inc.*, 742 N.W.2d 622, 623 (Mich. Ct. App. 2007). The statute of limitations for common law conversion is three years. *Id.* The statute of limitations for state law false imprisonment is three years. M.C.L. 600.5805(3). The actions giving rise to Plaintiffs' complaint occurred on or around September 10, 2014. The maximum statute of limitations on their claims is three years. Therefore the deadline for Plaintiffs to file their complaint was September 9, 2017. Plaintiffs filed their complaint in this action on August 9, 2018.

To conclude, this Court finds that the tolling agreement between Plaintiffs and Defendants Hamtramck and Stout is invalid. Plaintiffs failed to file their complaint within the time limits set by the statutes of limitations of their claims. Therefore, this Court will dismiss Defendants Hamtramck and Stout from this action. Further, Defendants B&G Towing, Anthony Thomas, and Michael Lucas were not named Defendants in the prior lawsuit that could have potentially been subject to the Tolling Agreement. For these reasons, this Court will dismiss the Towing Defendants from this action because Plaintiffs failed to file suit within the applicable statutes of limitations. The statute of limitations ran on all of Plaintiffs' claims against all Defendants before they filed the present action. Therefore, this Court will dismiss the remaining Defendants Gasper Fiore, James McMahon, and the City of Highland Park from this action.

  b. Counts I and II against the Tow Defendants

This Court has concluded that it will dismiss Plaintiffs' complaint because the applicable statutes of limitations have run. However, the Court will consider the arguments contained in the Tow Defendants' Motion to Dismiss. The Tow Defendants' Motion to Dismiss also argues that Plaintiffs' federal claims violate the applicable three-year statute of limitations. Dkt. No. 18, pg. 8 (Pg. ID 203). Defendants assert that the actions giving rise to Plaintiffs' complaint occurred on or around September 10, 2014, and the deadline for filing their complaint was

September 9, 2017. *Id.* at pg. 8 (Pg. ID 203). Plaintiffs filed their complaint on August 9, 2018. *Id.* Therefore, Plaintiffs' complaint must be dismissed. *Id.*

To the Tow Defendants, Plaintiffs argue that although state law governs the statute of limitations for 42 U.S.C. §§ 1983 and 1985 claims, federal law controls the accrual date for these claims. Dkt. No. 32, pg. 11 (Pg. ID 330). Federal law holds that the accrual date for § 1983 actions is when the plaintiff knew or had reason to know of the injury. Plaintiffs state that they did not become aware of the alleged plot of the Tow Defendants to keep their plans secret for all of the Defendants to be enriched until August of 2018 when Defendant Mr. Fiore was convicted. *Id.* Therefore, Plaintiffs argue that the statute of limitations has not expired. *Id.*

The statute of limitations for claims brought under 42 U.S.C. § 1983 is three years. *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (holding "the appropriate statute of limitations to be borrowed for § 1983 actions arising in Michigan is the state's three-year limitations period for personal injury claims."). The statute of limitations for claims brought pursuant to 42 U.S.C. § 1985 is also three years. *Ziegler v. State of Michigan*, No. 99-2126, 2000 WL 1434496, at *1 (Sept. 18, 2000). "Federal law determines when a § 1983 claim accrues." *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015). A § 1983

federal civil rights claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.*

Plaintiffs bring a federal § 1983 action, a federal § 1985 action, and state law actions of concert of action, civil conspiracy, statutory conversion, and common law conversion against the Tow Defendants. Plaintiffs argue that they did not know of the claims that they had against the Tow Defendants until 2018 when Mr. Fiore was convicted because the Defendants kept it a secret. However, Plaintiffs' complaint states that the Tow Defendants, namely Mr. Lucas, demanded a cash-only "ransom" to return Plaintiffs' vehicles. Dkt. No. 1, pg. 15 (Pg. ID 15). Therefore, Plaintiffs' complaint indicates that Plaintiffs were aware of the Tow Defendants' actions of impounding Plaintiffs' vehicles at the time of the September 2014 raid. Counts I and II of Plaintiffs' complaint are federal claims arising from the actions of Defendants in impounding Plaintiffs' vehicles.

Further, nowhere in Plaintiffs' complaint do Plaintiffs state that the Tow Defendants were acting in secret. Thus, Plaintiffs' causes of action for Counts I and II accrued during the time of September 2014 raid. Plaintiffs are thus barred from bringing Counts I and II because they failed to file within the time limits set forth by the statute of limitations.

### c. Counts VI, VII, VIII, and X against the Tow Defendants

The Tow Defendants state that the remaining causes of action against them also violate the applicable statutes of limitations, which are three years. *See supra*, Section 1: The Tolling Agreement. Plaintiffs argue that there was fraudulent concealment and therefore Plaintiffs had two years from their discovery of the claims to file the instant action. Dkt. No. 32, pg. 12 (Pg. ID 331).

Michigan law on fraudulent concealment states:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

Mich. Comp. Laws § 600.5855. Plaintiffs do not state how Defendants have fraudulently concealed Plaintiffs about their claims. As stated above, Plaintiffs were on notice that the Tow Defendants were implicated in this action from the start because B&G Towing impounded Plaintiffs' vehicles and allegedly demanded a ransom for their return. For these reasons, the Court finds that the fraudulent concealment exception does not apply and Plaintiffs failed to bring their claims within the applicable statute of limitations.

13

d.  Leave to Amend

Plaintiffs request that this Court grant them leave to amend their complaint to the extent that this Court finds any deficiencies. However, Plaintiffs do not state how amendment to their complaint would cure any deficiencies, or attach a proposed amendment complaint to any of their pleadings. Further, no amendment to the pleadings would cure the statute of limitations problem. For these reasons, the Court will deny Plaintiffs' leave to amend their complaint.

**2. Defendants City of Hamtramck and Officer Michael Stout's Second Motion to Dismiss**

This Court has concluded that it will dismiss Plaintiffs' complaint for failure to comply with the statutes of limitations. However, the Court will consider the arguments contained in Defendants City of Hamtramck and Michael Stout's Second Motion to Dismiss.

a.  Heck v. Humphrey

Defendants' Second Motion to Dismiss asserts that *Heck v. Humphrey* precludes Dabish from asserting a § 1983 or § 1985 claim against them. Under *Heck*, a convicted felon cannot attack his underlying convictions by bringing a § 1983 claim unless his conviction or sentence has been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). Defendants argue that they were

14

investigating Dabish for insurance fraud and he pleaded guilty to insurance fraud. Dkt. No. 40, pg. 17 (Pg. ID 432). Therefore, Dabish cannot claim Defendants violated his federal rights. *Id.*

Plaintiff Dabish contends that the crime that Defendants told him they were investigating him for is different than the crime that he pleaded guilty to. Dkt. No. 44, pg. 12 (Pg. ID 547). Therefore, *Heck v. Humphrey* is inapplicable. *Id.* Plaintiff states in his response that the factual basis for probable cause and executing the search warrant as communicated to him by Defendants was that Plaintiffs were allegedly selling fake automobile insurance. Dkt. No. 44, pg. 12 (Pg. ID 547). However, Dabish pleaded guilty to mail fraud for using inflated insurance billings and bribing police officers to get more cars towed to his shop. *Id.* at pg. 13 (Pg. ID 548).

Plaintiffs' complaint states in several paragraphs that Defendants informed Dabish that they had probable cause to believe he was engaged in fraudulent insurance activities and racketeering. Dkt. No. 1, pgs. 8–9 (Pg. ID 8–9) (stating that Defendants informed Dabish that probable cause existed alleging Dabish's involvement in insurance fraud, fraudulent insurance activities, and racketeering). Plaintiff then pleaded guilty to mail fraud for "knowingly participat[ing] in a scheme to defraud in order to obtain money. . . from the payment of false claims to insurance companies . . . ." Dkt. No. 40-6. Plaintiff is set to be sentenced on

September 26, 2019. Case No. 17-cr-20830, Dkt. No. 58. Therefore, Plaintiff Dabish was convicted for the same/similar crimes that Defendants raided his Livernois business and home to investigate. Pursuant to *Heck*, Plaintiff cannot therefore bring § 1983 or § 1985 claims against Defendants.

      b. Collateral Estoppel

Defendants next argue that collateral estoppel prevents a plaintiff from pleading guilty to criminal charges while maintaining his innocence of those same criminal charges in a civil action seeking monetary damages against the police. Dkt. No. 40, pg. 18 (Pg. ID 433).

The Sixth Circuit has held that a plaintiff cannot assert a § 1983 claim stating that police officers lacked probable cause if he has pleaded guilty to criminal charges stemming from the officers' arrest. *Walker v. Schaeffer*, 854 F.2d 138, 141–44 (6th Cir. 1988). In *Walker*, the Sixth Circuit found that collateral estoppel was applicable where the plaintiffs had a full and fair opportunity to litigate the issue of whether the defendant police officers had falsely arrested them. *Id.* at 142.

"The essence of collateral estoppel by judgment is that some question or fact in dispute has been judicially and finally determined by a court of competent jurisdiction between the same parties or their privies." *Tipler v. E. I. duPont*

*deNemours & Co.*, 443 F.2d 125, 128 (6th Cir. 1971). Here, Plaintiff Dabish pleaded guilty to mail fraud. Dabish could have challenged the search and seizure on his business and home during his criminal proceeding but did not. His guilty plea thus is an admission to the facts that demonstrate the existence of probable cause. For these reasons, the Court finds that collateral estoppel precludes Dabish's claims.

    c. Qualified Immunity

Defendant Stout next asserts that he is entitled to qualified immunity because he executed a search pursuant to a judicially authorized warrant. Dkt. No. 40, pg. 21 (Pg. ID 436). To establish qualified immunity, courts ask "whether the facts alleged or shown make out a violation of a constitutional right and whether the right at issue was clearly established at the time of the incident." *Clemente v. Vaslo*, 679 F.3d 482, 490 (6th Cir. 2012).

When a neutral magistrate has issued a warrant, there is a strong preference for finding searches pursuant to warrants valid. *See United States v. Leon*, 468 U.S. 897, 916 (1984). Further, in *Walker v. Schaeffer*, the Sixth Circuit concluded that when officers have made an arrest, the resulting conviction is a defense to a § 1983 action asserting the arrest was made without probable cause. 854 F.2d 138, 143 (6th Cir. 1988).

Officer Stout executed a search on Dabish's home and business pursuant to a search warrant. Therefore, for the foregoing reasons, this Court concludes that Defendant Stout is entitled to qualified immunity.

   d. Claims Against Hamtramck

Defendants argue that because Dabish cannot prove a violation of his constitutional rights by any officer, that Dabish's claims against the City of Hamtramck must fail. Dkt. No. 40, pg. 22 (Pg. ID 437). "[I]t is well settled that '[t]here can be no *Monell* liability under § 1983 unless there is an underlying unconstitutional act.'" *Bolden v. City of Euclid*, 595 F. App'x 464, 471 (6th Cir. 2014) (quoting *Wilson v. Morgan,* 477 F.3d 326, 340 (6th Cir.2007))). This Court has concluded that there was no underlying unconstitutional act by Officer Stout. Therefore, this Court finds that Plaintiffs' claims against the City of Hamtramck fail.

   e. Governmental Immunity

Plaintiffs' complaint brings several state tort claims against Defendants, such as concert of action, civil conspiracy, statutory conversion, and common law conversion. Dkt. No. 1. Defendants argue that they are entitled to governmental immunity. Dkt. No. 40, pg. 23 (Pg. ID 438).

Absent a statutory exception, a governmental agency is immune from tort liability when it exercises or discharges a governmental function. *Maskery v. Bd. of*

*Regents of Univ. of Mich.*, 664 N.W.2d 165, 167 (2003). Further, "a city cannot be held vicariously liable for torts of its police officers committed during the course of an arrest because the officers were engaged in police activity, which is a governmental function entitled to immunity." *Payton v. City of Detroit*, 536 N.W.2d 233, 241–42 (1995).

Here, Plaintiffs assert liability against Officer Stout for torts committed during the course of an arrest, which is a police activity. Therefore, the City of Hamtramck cannot be held liable and is entitled to governmental immunity.

An lower-level individual governmental employee, like Officer Stout, is entitled to governmental immunity where: "(a) [his] acts were undertaken during the course of employment and [he] was acting, or reasonably believed that he was acting, within the scope of his authority, (b) the acts were undertaken in good faith, or were not undertaken with malice, and (c) the acts were discretionary, as opposed to ministerial." *Odom v. Wayne Cty.*, 760 N.W.2d 217, 228 (2008). Discretionary acts include "determin[ing] whether there is reasonable suspicion to investigate or probable cause to arrest and to determine the amount of force necessary to effectuate an arrest." *Id.* at 226.

Here, Officer Stout was engaged in discretionary activity—deciding whether to investigate and execute a search warrant. His acts were undertaken during the

course of his employment as a police officer and undertaken in the good faith effort to investigate insurance fraud which Dabish ultimately pleaded guilty to. For these reasons, this Court concludes that Officer Stout is also entitled to governmental immunity.

## V. CONCLUSION

For the reasons discussed herein, the Court will grant Defendants B&G Towing, LLC, Anthony Thomas, Michael Lucas, the City of Hamtramck, and Michael Stout's Motions to Dismiss [Dkt. Nos. 18, 23]. This Court will also grant Defendants City of Hamtramck and Officer Michael Stout's Second Motion to Dismiss [Dkt. No. 40]. This Court will dismiss this case against the remaining Defendants, Gasper Fiore, James McMahon, and the City of Highland Park.

SO ORDERED.

Dated:     July 22, 2019

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
July 22, 2019, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager